UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADAM D. FIELDS, a developmentally disabled person; and LORAINE D. KENNEDY-SHIELDS, as mother and Guardian Advocate for Adam D. Fields,

Plaintiff,

-vs-                                                                          Case No. 5:11-cv-657-Oc-10PRL

UNNAMED EMPLOYEES of Carlton Palms Education Center, and CARLTON PALMS EDUCATIONAL CENTER,,

Defendant.
_____/

**O R D E R**

Plaintiffs Adam D. Fields, a developmentally disabled autistic adult and his mother and court appointed Guardian Advocate, Loraine D. Kennedy-Shields, have sued the Defendants under 42 U.S.C. § 1983 for alleged violations of Adam's Fourteenth Amendment substantive due process rights (Count I), and for deliberate indifference based on the Defendants' failure to property train and supervise (Count II), violations of Florida's Bill of Rights of Persons With Developmental Disabilities, Fla. Stat. § 393.13 (Count III), and a state law claim for loss of consortium (Count IV) (Doc. 1). The Plaintiffs contend that from November 1, 2000 through April 15, 2008, Adam resided at Defendant Carlton Palms Educational Center, an educational institution that serves children, adolescents, and adults with autism, developmental disabilities, and

Case 5:11-cv-00657-WTH-PRL   Document 13   Filed 09/12/12   Page 2 of 7 PageID 56

mental health issues.  While a resident at Carlton Palms, Adam was repeatedly and unnecessarily subjected to various methods of physical restraint, which allegedly caused him physical and mental injury.

The Defendants have moved to dismiss the case for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. 6), on the ground that the Plaintiffs have not sufficiently alleged that either Carlton Palms or any of its employees were state actors, such that the claims under 42 U.S.C. § 1983 must fail.  Should the Court agree that the Plaintiffs have not stated claims for relief under § 1983, the Defendants also request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3).

The Plaintiffs have filed a response in opposition (Doc. 9) arguing that although the Defendants are private entities/employees, the Plaintiffs have sufficiently alleged state action for purposes of surviving a Rule 12(b)(6) motion to dismiss, and therefore the Court also has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## Standard of Review

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400

-2-

F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations.  Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).  "A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

**Discussion**

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute . . . of any State. . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." In order to state a claim under § 1983, the Plaintiffs must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005).

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). For a private party to be considered a state actor, one of three conditions must be met: (1) the state has coerced or at least significantly encouraged the action alleged to violate the Constitution (the state compulsion test); (2) the private party performed a public function that was traditionally the exclusive prerogative of the state (the public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise (the nexus/joint action test). Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1277 (11th Cir. 2003); Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

The Complaint alleges that Carlton Palms is a state actor "by virtue of receiving significant aid from the State of Florida. Defendant Carlton Palms received funding from both the Hillsborough County School Board and the Florida Medical Waiver Program to provide for the health and well-being of Plaintiff, Adam D. Fields, while he was a resident at Carlton Palms." (Doc. 1, ¶ 13). The Complaint alleges that the Defendant employees were state actors "as they were employees of Defendant, Carlton Palms, which received significant aid from the State of Florida." (Doc. 1, ¶ 14). Based on these allegations, it is clear that the Plaintiffs are not proceeding under the State compulsion test – they have not alleged that the State either coerced or significantly encouraged the Defendants' wrongful actions. Nor have the Plaintiffs alleged facts supporting a theory that the Defendants were performing a public function that was traditionally the exclusive prerogative of the state.

Instead, the Plaintiffs argue in their response that they have sufficiently alleged a joint nexus and/or symbiotic relationship between the Defendants and the state to satisfy the nexus/joint action test (Doc. 9, p. 4). The Complaint, however, merely alleges a fiscal connection between the Defendants and the State of Florida, and "it is well settled that a private institution does not become a state actor because 'virtually all of [its] income was derived from government funding.'" Blackmon v. Florida Institute for Neurologic Rehabilitation, Inc., 2003 WL 22232747 at * 2 (S.D. Fla. Aug. 19, 2003) (quoting Robert v. Stetson School, 256 F.3d 159 (3d Cir. 2001) and Rendell-Baker v. Kohn, 457 U.S. 830, 840, 102 S. Ct. 2764 (1982)). Specifically, the "[a]cts . . . of

private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." Rendell-Baker, 457 U.S. at 841.

While not alleged in their Complaint, the Plaintiffs further argue in their response that they have sufficiently established "state action" under the nexus/joint action test because the Defendants are licensed by the State of Florida and heavily regulated by statute pursuant to Fla. Stat. §§ 393.17, 393.18 (Doc. 9, pp. 3-4).  However, the Eleventh Circuit has noted that licensing and regulation is not enough to transform private hospitals into state actors under § 1983.  Harvey, 949 F.2d at 1131.  See also Blum v. Yaretsky, 457 U.S. 991, 102 S. Ct. 2777 (1982) (private nursing home not state actor despite extensive regulation and 90% fees from state); Blackmon, 2003 WL 22232747 at * 2 (private neurologic hospital was not state actor where it was licensed by the state and regulated pursuant to Florida Statutes).

The Court therefore concludes that the Plaintiffs' Complaint fails to allege sufficient facts from which it can be determined that the Defendants were state actors under any of the recognized legal theories.  The Complaint will therefore be dismissed with leave to amend.

## Conclusion

Accordingly, upon due consideration, the Defendants' Motion to Dismiss for Failure to State a Claim and For Lack of Subject Matter Jurisdiction (Doc. 6) is

GRANTED.  The Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE.  Within fourteen (14) days from the date of this Order, the Plaintiffs may file an amended complaint.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 12th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy